# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**FINEMAN KREKSTEIN & HARRIS, P.C.**
*A Pennsylvania Professional Corporation*
BY     RICHARD J. PERR, ESQUIRE
            MONICA M. LITTMAN, ESQUIRE
            MATTHEW E. SELMASSKA, ESQUIRE
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103-1628
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com; mlittman@finemanlawfirm.com; mselmasska@finemanlawfirm.com
**Attorneys for Defendant I.C. System, Inc.**

| | |
|---|---|
| JOCELYN PEREZ | CIVIL ACTION |
|            Plaintiff | |
| v. | NO. 2:19-cv-00195-MCA-SCM |
| I.C. SYSTEM, INC. and JOHN DOES 1-25 | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

COMES NOW, Defendant, I.C. SYSTEM, INC., and files this Answer and Affirmative Defenses to the Plaintiff's Amended Class Action Complaint and states:

### LOCAL CIVIL RULE 10.1 STATEMENT

1. Defendant admits its mailing address is 444 Highway 96 East, St. Paul, Minnesota 55164, otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

### PRELIMINARY STATEMENT

2. Denied.

## JURISDICTION AND VENUE

3. Admitted for jurisdictional purposes only; otherwise denied.

4. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

## DEFINITIONS

5. Denied.

## PARTIES

6. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

7. Admitted Defendant maintains a location at 444 Highway 96 East, St. Paul, Minnesota 55164.

8. Admitted that Defendant uses the instrumentalities of interstate commerce or the mails to engage in its business of collecting financial obligations asserted to be due or owed to another, and that it is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

9. Admitted that Defendant is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

10. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

## CLASS ACTION ALLEGATIONS

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## STATEMENT OF FACTS

17. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

18. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

19. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

20. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

21. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

22. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

23. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

24. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

25. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

26. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

27. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

28. Admitted to the extent Exhibit A, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

29. Admitted to the extent Exhibit A, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

30. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

31. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

32. Admitted to the extent Exhibit A, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an

opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

33. Admitted to the extent Exhibit A, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

34. Admitted to the extent Exhibit B, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

35. Admitted to the extent Exhibit B, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

36. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

37. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

38. Admitted to the extent Exhibit B, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

39. Admitted to the extent Exhibit B, attached to Plaintiff's Amended Class Action Complaint, speaks for itself. Otherwise, Defendant is without sufficient information to form an opinion regarding the veracity of the remaining allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

40. Denied.

41. Denied.

## POLICIES AND PRACTICES COMPLAINED OF

42. Denied.

43. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

## COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS**

44. Defendant reasserts and reaffirms its responses to the foregoing paragraphs as if fully restated herein.

45. Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph.

57. Denied.

58. Denied.

59. Denied.

60. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph.

61. Denied.

62. Denied.

63. This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* As such, the

inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph.

      64.    Denied.

      65.    Denied.

      66.    Denied.

      67.    This paragraph fails to comply with Rule 8(a)(2) as it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* As such, the inclusion of this paragraph is not relevant to Plaintiff's particularized claim against Defendant, and Defendant is not required to respond. To the extent a response is required, Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph.

      68.    Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

      69.    Defendant is without sufficient information to form an opinion regarding the veracity of the allegations in this paragraph of Plaintiff's Amended Class Action Complaint.

      70.    Denied.

      71.    Denied.

      72.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Amended Class Action Complaint, which presupposition Defendant denies, such violation was not negligent or intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### DEMAND FOR A JURY TRIAL

The Defendant demands a trial by jury of all issues so triable.

WHEREFORE, Defendant, respectfully requests this Court to DISMISS Plaintiff's claims with prejudice and for any such other relief as this court deems just and proper.

### L. CIV. R. 11.2 DECLARATION

Pursuant to Local Civil Rule 11.2 and 28 U.S.C. § 1746, the undersigned member of the bar of this court hereby declares that the matter in controversy is not presently the subject of any other action pending in any other court, or of any pending arbitration or administrative proceeding.

                                                FINEMAN KREKSTEIN & HARRIS, P.C.

By:      /S/ Monica M. Littman
        RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        MATTHEW E. SELMASSKA, ESQUIRE
        Ten Penn Center
        1801 Market Street, Suite 1100
        Philadelphia, PA  19103-1628
        (v) 215-893-9300; (f) 215-893-8719
        e-mail: rperr@finemanlawfirm.com
                 mlittman@finemanlawfirm.com
                 mselmasska@finemanlawfirm.com
        Attorneys for Defendant I.C. System, Inc.

Dated:  September 27, 2019

## CERTIFICATE OF SERVICE

      I, MONICA M. LITTMAN, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Ben A. Kaplan, Esq.
280 Prospect Ave. 6G
Hackensack, NJ 07601
ben@chulskykaplanlaw.com
Attorney for Plaintiff

          /S/ Monica M. Littman
      MONICA M. LITTMAN, ESQUIRE

Dated: September 27, 2019